UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at ASHLAND

|  |  |  |
|---|---|---|
| WENDELL LEONARD CRUSE, | ) | |
| | ) | Civil No. 18-25-HRW |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| JOSEPH BURCHETT, ET AL., | ) | **AND ORDER** |
| | ) | |
| Defendants. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

Plaintiff Wendell Leonard Cruse is an individual previously confined at the Boyd County Detention Center ("BCDC") in Catlettsburg, Kentucky. Proceeding without an attorney, Cruse has filed a civil rights action against prison officials pursuant to 42 U.S.C. § 1983. [D.E. No. 1]

By separate order, the Court has granted Cruse's motion to proceed without prepayment of the filing fee. [D.E. No. 7] Thus, the Court must conduct a preliminary review of Cruse's complaint pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A. A district court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *McGore v. Wrigglesworth*, 114 F.3d 601, 607-08 (6th Cir. 1997). A complaint is subject to dismissal as "frivolous" where

1

"it lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

The Court evaluates Cruse's complaint under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage, the Court accepts the plaintiff's factual allegations as true, and his legal claims are liberally construed in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). Even so, the principles requiring generous construction of *pro se* pleadings are not without limits. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *Wilson v. Lexington Fayette Urban County Government*, No. 07-cv-95-KSF, 2007 WL 1136743 (E.D. Ky. April 16, 2007). The Court is not required to create a claim for the Plaintiff, nor to "conjure up unpled allegations." *Moorman v. Herrington*, No. CIV A 4:08-CV-P127-M, 2009 WL 2020669, at *1 (W.D. Ky. July 9, 2009)(citations omitted).

Cruse's complaint is somewhat illegible and alleges several unrelated claims against different prison officials, thus his allegations are difficult to parse. However, it appears that Cruse seeks to assert: (1) constitutional claims against Defendant Jailer Burchett and Sgt. Brad Roberts alleging violations of Cruse's constitutional rights of access to the Courts; (2) an Eighth Amendment deliberate indifference claim against Burchett arising from allegations of various poor jail conditions; (3) two separate excessive force claims against Defendant Deputy Jailer "John" King

2

(first name unknown) and against Defendant "John Doe," C.E.R.T. Participant; and (5) an Eighth Amendment claim of deliberate indifference to Cruse's medical needs against Defendants Cristy "Doe" and the "Medical Service Provider." [D.E. No. 1]

Cruse seeks to bring these claims in this action pursuant to 42 U.S.C. § 1983. To establish a § 1983 claim, a plaintiff must show that he was deprived of a constitutional right **and** that the deprivation occurred at the hands of defendant who was a "state actor," or acted under color of state law. *See Gomez v. Toledo*, 446 U.S. 635, 640 (1980); *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994). Thus, applying this standard, each of Cruse's claims will be examined in turn.

### 1. Denial of Access to the Courts

The right of access to the courts guaranteed by the First Amendment "requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Bounds v. Smith*, 430 U.S. 817, 828 (1977). However, the concern is "a right of access *to the courts*, not necessarily to a prison law library." *Walker v. Mintzes*, 771 F.2d 920, 932 (1985) (emphasis in original). *See also Lewis v. Casey*, 518 U.S. 343, 350 (1996) (noting that *Bounds* did not establish a right to a law library). Moreover, "[b]ecause *Bounds* did not create an abstract, freestanding right to a law library or legal assistance, an inmate cannot establish relevant actual injury simply by establishing that his prison's law

3

library or legal assistance program is subpar in some theoretical sense." *Lewis v. Casey*, 518 U.S. 343, 351 (1996). Rather, to establish a claim that the jail has interfered with his right of access to the courts, a prisoner must show actual injury to a nonfrivolous claim. *Id*. at 353-55.

Cruse's complaint first alleges that, in 2016, he was informed by Burchett that the BCDC does not have a law library or law books for inmates and that any legal questions should be sent to Cruse's attorney or public defender. Cruse then alleges that, in January 2018, he was "forced" to accept a plea agreement and a 90-day jail sentence after consulting with his public defender, but without being able to do his own independent legal research to ascertain if he had a defense to the charges. [D. E. No. 1 at p. 3]

However, to the extent that Cruse alleges that the BCDC's lack of a prison library harmed him in his criminal case, he concedes that he was provided with counsel to represent him. The United States Court of Appeals for the Sixth Circuit has held that, where counsel is appointed to represent the prisoner plaintiff in his criminal action pending against him, as a matter of law, the state has fulfilled its constitutional obligation to provide him with full access to the courts. *Holt v. Pitts*, 702 F.2d 639, 640 (6th Cir. 1983).

Moreover, to the extent that Cruse suggests that he was harmed because he could not conduct his own "independent research" to ascertain if he had any viable

4

defenses, Cruse does not have any First Amendment right to meaningful access to the courts with respect to efforts to represent himself in his criminal case. By its terms, the right of access to the courts extends only to an inmate's direct criminal appeal, habeas corpus applications, and civil rights claims related to the conditions of confinement. *Lewis*, 518 U.S. at 354-55. It does not apply to a *pro se* defendant's efforts to represent himself at his criminal trial. *United States v. Smith*, 907 F. 2d 42, 44 (6th Cir. 1990) (rejecting contention that either the First or the Sixth Amendment require that a criminal defendant who waives his Sixth Amendment right to counsel is entitled to an adequate law library to satisfy his constitutional right of access to the courts); *Smith v. Hutchins*, 426 F. App'x 785, 788 (11th Cir. 2011) ("... a criminal defendant who seeks to proceed *pro se* has no right to access a law library to aid him in his own defense at trial where he has already been provided the option of legal counsel.") (collecting cases); *Degrate v. Godwin*, 84 F.3d 768, 769 (5th Cir. 1996) (affirming dismissal of a § 1983 suit by a prisoner because he "had no constitutional right to access a law library in preparing the *pro se* defense of his criminal trial.").

Next, Cruse alleges that, in January 2018, he requested that Sgt. Roberts provide postage for legal mail so that Cruse could file objections to a United States Magistrate Judge's Report and Recommendation in a civil action pending in the United States District Court for the Southern District of West Virginia, *Cruse v.*

5

*Blackburn*, 3:17-cv-485 (S.D.W.Va. 2017). According to Cruse, he gave legal documents to Sgt. Roberts on January 29, 2018, for which Cruse had a filing deadline of February 1, 2018. However, because Sgt. Roberts placed Cruse's legal mail in the mail without postage, Cruse's mail did not arrive at the Court until February 13, 2018, thus depriving Cruse the opportunity to object to the Magistrate Judge's Report and Recommendation. [D.E. No. 1 at p. 3-4]

However, although Cruse claims that he was harmed because he lost the opportunity to object to the Report and Recommendation, a review of the record in Cruse's federal civil action pending in West Virginia shows that, although Cruse did miss the February 1, 2018 deadline for filing objections, the District Court granted his motion to reconsider the Court's acceptance of the Magistrate Judge's Proposed Findings and Recommendations granting the defendants' motion for summary judgment and returned the case to the active docket so that Cruse's objections could be considered. *See Cruse v. Blackburn*, 3:17-cv-485 (S.D.W.Va. 2017) at D.E. No. 92.[1] Thus, contrary to Cruse's allegations, he has not suffered any actual injury to his claims in West Virginia through the loss of an opportunity to file objections to the Report and Recommendation because those objections are now being considered

---

[1] The Court "may take judicial notice of proceedings in other courts of record." *Granader v. Public Bank*, 417 F.2d 75, 82-83 (6th Cir. 1969); *see also* Fed. R. Evid. 201(b)(2). Records on government websites are self-authenticating. *See* Fed. R. Evid. 902(5).

by the District Court in that case. Because Cruse was not prevented from asserting any particular legal claim in his pending civil case, he suffered no actual injury from the conduct about which he complains

For all of these reasons, Cruse's allegations fail to state a viable claim for denial of access to the Courts and, accordingly, will be dismissed. As this is the only claim alleging conduct by Sgt. Roberts, Sgt. Roberts will be dismissed as a defendant.

2. General Jail Conditions

Next, Cruse seeks to bring an Eighth Amendment deliberate indifference claim against Jailer Burchett based on various allegations of general poor jail conditions. Specifically, he alleges that there is no heat in the jail, black mold is present throughout the BCDC, the nutrition provided is inadequate (approximately 900 calories per day), the jail is overcrowded, and inhumane living conditions exist arising from the presence of feces and urine in his cell from clogged toilets and overflowing drains. [D.E. No. at p. 4-5, 6, 7-8].

Cruse's claim based on his allegation that the BCDC is overcrowded will be dismissed. Specifically, Cruse alleges that he is "being subjected to severe overcrowding by Defendant Burchett," and that, because the BCDC is operating over its capacity, Cruse is not being provided with a proper amount of living space by Burchett, who is deliberately indifferent to BCDC's overcrowding. [D.E. No. 1

at p. 7]. "Harsh and uncomfortable prison conditions do not automatically create an Eighth Amendment violation, however. Rather, 'extreme deprivations' must be alleged in order to support a prison-overcrowding claim." *Agramonte v. Shartle*, 491 F. App'x 557, 560 (6th Cir. 2012)(quoting *Hudson,* 503 U.S. at 9). Indeed, "overcrowding is not, in itself, a constitutional violation," particularly where, as here, there are no allegations that the allegedly overcrowded conditions resulted in an unconstitutional denial of such basic needs as food, shelter, or sanitation. *Agramonte*, 491 F. App'x at 560(citations omitted). *See also Daugherty v. Timmerman-Cooper*, No. 2:10-cv-01069, 2011 WL 3206844, at *3 (S.D. Ohio June 28, 2011) ("[N]umerous courts, including both the Sixth Circuit and this Court, have emphasized that double or triple celling inmates, without more, is insufficient to state a constitutional claim.")(report and recommendation), *adopted*, 2011 WL 3207053 (S.D. Ohio July 27, 2011). Nor does Cruse allege a physical injury related to the overcrowding as required by 42 U.S.C. § 1997e(e).

However, the Court finds that the remainder of Cruse's "poor jail conditions" claims based on his allegations regarding the lack of heat, the presence of black mold, inadequate nutrition, and the presence of feces and urine in his cell from clogged toilets and overflowing drains, while bare-bones, are sufficient to warrant a response from the Defendant against whom this claim is asserted, Jailer Burchett.

3. Excessive Force Claims

Cruse seeks to bring two separate claims of excessive force, the first against Defendant Deputy Jailer "John" King (first name unknown) regarding an incident in which Cruse claims King took away Cruse's thermal top and then subsequently twisted Cruse's arm behind his back and handcuffed him to a bench in a way that caused him physical injury. [D.E. No. 1 at p. 5-6] Cruse's also alleges an excessive force claim against Defendant "John Doe," C.E.R.T. Participant, regarding an alleged incident where Cruse was placed in handcuffs and forced to kneel in a way that caused Cruse severe pain in his knees and wrists. [D.E. No. 1 at p. 6]

The Court has reviewed these allegations and finds that they are sufficient to warrant a response. However, both of Cruse's excessive force claims are brought against "John Doe" defendants. When service of process by federal marshals is executed pursuant to Fed. R. Civ. P. 4(c)(3), the plaintiff bears the initial responsibility of identifying the defendants with sufficient particularity for the marshals to attempt service. *Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996). Although service will be attempted on Deputy Jailer "John" King, the information provided by Cruse with respect to "John Doe, C.E.R.T. Participant" does not satisfy this burden. Accordingly, Cruse is advised of Rule 4(m) of the Federal Rules of Civil Procedure, which provides, in part:

> **Time Limit for Service.** If a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice

against that defendant or order that service be made within a specified time.

Fed. R. Civ. P. 4(m). Cruse is hereby on notice that if "John Doe, C.E.R.T. Participant" is not named and served within 90 days from the date of this Order, then the claims against "John Doe, C.E.R.T. Participant" shall be dismissed pursuant to the terms of Federal Rule of Civil Procedure 4(m). Should Cruse ascertain more specific information regarding the identity of "John Doe, C.E.R.T. Participant," he should immediately advise the Court.

### 4. Failure to Provide Medical Care

Finally, Cruse alleges that he "has filed numerous grievances and requested medical care concerning the pain in his knees to Cristy 'Doe' and the Medical Services Provider and has been ignored. Both Defendants have displayed a deliberate indifference to Plaintiff's serious medical needs." [D.E. No. 1 at p. 7]

First, to the extent that Cruse seeks to assert this claim against the "Medical Services Provider," the "Medical Services Provider" is not a "person" amendable to a suit for damages under Section 1983. *See Anderson v. Morgan Cty. Corr. Complex*, No. 15-6344, 2016 WL 9402910, at *1 (6th Cir. Sept. 21, 2016) (prison "medical staff" is not a "person" subject to suit under § 1983) (citing *Hix v. Tenn. Dept. of Corr.*, 196 Fed. App'x. 350, 355 (6th Cir. 2006)). Even construing Cruse's claim as one against Boyd County, he makes no allegation that the practices about

10

which he complains are the product of a county policy or custom, and he therefore fails to state a claim for relief against the county. *Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005). Thus, his claim against "Medical Services Provider" will be dismissed and "Medical Service Provider" will be dismissed as a Defendant.

Moreover, to the extent that he seeks to assert this claim against Cristy "Doe," he has, again, asserted this claim against a Doe defendant without sufficient information regarding her identity. Thus, Cruse is hereby on notice that if Cristy "Doe" is not named and served within 90 days from the date of this Order, then the claims against Cristy "Doe" shall be dismissed pursuant to the terms of Federal Rule of Civil Procedure 4(m).

Because Cruse in proceeding *in forma pauperis*, the United States Marshals Service ("USMS") will serve the summons and complaint on Defendants Joseph Burchett and Deputy Jailer King, the only Defendants for whom Cruse has provided sufficient identifying information, on Cruse's behalf. Fed. R. Civ. P. 4(c)(3); 28 U.S.C. § 1915(d).

Accordingly, **IT IS ORDERED** that:

1. The following claims alleged in Cruse's complaint **REMAIN PENDING** and will be served in accordance with the instructions below: (1) Cruse's Eighth Amendment claims against Jailer Burchett arising from his

allegations of lack of heat, the presence of black mold, lack of adequate nutrition, and inhumane living conditions arising from clogged toilets and overflowing drains; (2) Cruse's excessive force claims against Defendant Deputy Jailer King (first name unknown) and against Defendant "John Doe," C.E.R.T. Participant; and (3) Cruse's claim of deliberate indifference to Cruse's medical needs against Defendant Cristy "Doe."

2.      The remainder of Cruse's complaint [D.E. No. 1] is **DISMISSED WITHOUT PREJUDICE**.

3.      Sgt. Brad Roberts and "Unknown Medical Services Provider" are **DISMISSED** as Defendants.

4.      A Deputy Clerk shall prepare two "Service Packets" for service upon Defendant Jailer Joseph Burchett and Deputy Jailer King. The Service Packets shall include:

   a. a completed summons form;

   b. the complaint [D.E. No. 1];

   c. the Order granting Plaintiff *in forma pauperis* status [D.E. No. 7];

   d. this Order; and

   e. a completed USM Form 285.

5.      The Deputy Clerk shall send the Service Packets to the USMS in Lexington, Kentucky and note the date of delivery in the docket.

12

6.      The USMS shall personally serve a Service Packet upon Defendants Jailer Joseph Burchett and Deputy Jailer King at the Boyd County Detention Center, 209 28th Street, Catlettsburg, Kentucky 41129, through arrangement with the Boyd County Detention Center.

7.      Cruse is hereby **ON NOTICE** that if Defendants "John Doe," C.E.R.T. Participant, and/or Cristy "Doe" are not named and served within 90 days from the date of this Order, then the claims against said "Doe" Defendants shall be dismissed pursuant to the terms of Federal Rule of Civil Procedure 4(m).

8.      Cruse must immediately advise the Clerk's Office of any change in his current mailing address. **Failure to do so may result in dismissal of this case**.

9.      If Cruse wishes to seek relief from the Court, he must do so by filing a formal motion sent to the Clerk's Office.  Every motion Cruse files must include a written certification that he has mailed a copy of it to the Defendants or their counsel and state the date of mailing. **The Court will disregard letters sent to the judge's chambers or motions lacking a certificate of service.**

This 5th day of July, 2018.



Signed By:
*Henry R. Wilhoit, Jr.*
United States District Judge