Eastern District of Kentucky
F I L E D
AUG 0 9 2018
AT ASHLAND
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at ASHLAND

WENDELL LEONARD CRUSE,

Plaintiff,

v.

JOSEPH BURCHETT, ET AL.,

Defendants.

Civil No. 18-25-HRW

**MEMORANDUM OPINION AND ORDER**

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is before the Court due to the failure of Plaintiff, Wendell Leonard Cruse, to comply with prior Court orders. By Order dated July 5, 2018, the Court conducted an initial screening of Cruse's complaint, dismissing some of the claims and defendants named in his complaint but directing the United States Marshals Service to serve Defendants Joseph Burchett and Deputy Jailer King with summons. [D.E. No. 9]

A prior Court Order expressly advised Cruse that he must "[i]mmediately advise the Clerk's Office of any change in his or her current mailing address. **Failure to do so may result in dismissal of this case.**" [D.E. No. 7 at p. 3]; *see also* LR 5.2(d). However, the copy of the Court's July 5, 2018 Order that was mailed

1

to Cruse at his address of record was returned as undeliverable by the Postal Service and was marked "Return to Sender - No Longer In This Facility." [D.E. No. 12]

Accordingly, on July 16, 2018, the Court entered an Order which again advised Cruse of his obligation to advise the Clerk's Office of any change in his mailing address and ordered Cruse to provide the Clerk of the Court with an updated mailing address within twenty-one (21) days. [D.E. No. 13] Cruse was also warned that this case would be dismissed without prejudice if he failed to do so. [*Id.*]. This deadline has now come and gone with no response from Cruse.

The authority of a federal trial court to dismiss a plaintiff's action for failure to prosecute "is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Link v. Wabash Rwy. Co.*, 370 U.S. 626, 629-630 (1962). *See also Carter v. City of Memphis, Tenn.*, 636 F.2d 159, 161 (6th Cir. 1980) ("It is clear that the district court does have the power under [Fed. R. Civ. P. 41(b)] to enter a *sua sponte* order of dismissal.").

In determining whether to dismiss a case for failure to prosecute, the Sixth Circuit has directed courts to consider:

(1) whether the party's failure is due to willfulness, bad faith, or fault;
(2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to

cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (*quoting Knoll v. American Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999)).

With respect to the first and third factors, a court may consider a party's failure to act in the face of a clear prior warning from the court that the case would be dismissed as an indication of willful noncompliance. *Lovejoy v. Owens*, 1994 WL 91814, at *2 (6th Cir. March 21, 1994) (*citing Harris v. Callwood*, 844 F.2d 1254, 1256 (6th Cir. 1988)). Here, Cruse failed to comply with the Court's Order directing him to provide the Clerk's Office with a current address, despite the Court's clear warning that his failure to do so would result in dismissal of the case. With respect to the fourth factor, the inability to communicate with Cruse makes the imposition of lesser sanctions, such as monetary or other penalties, difficult or impracticable.

Thus, evaluating all of these factors, the Court concludes that dismissal of Cruse's complaint, without prejudice, is warranted. *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991) (a *pro se* litigant is not afforded special consideration for failure to follow readily comprehended court orders).

Accordingly, it is hereby **ORDERED** as follows:

1. Cruse's Complaint [D.E. No. 1] is **DISMISSED WITHOUT PREJUDICE** for failure to prosecute and for failure to comply with an Order of the Court.

2. All pending motions or requests for relief, including the motion for extension of time to file an answer filed by Defendant Joseph Burchett [D.E. No. 19] are **DENIED AS MOOT**.

3. All deadlines and scheduled proceedings are **CONTINUED GENERALLY**.

4. The Court will enter an appropriate Judgment.

5. This matter is **STRICKEN** from the Court's docket.

This 9th day of August, 2018.



Signed By:
*Henry R. Wilhoit, Jr.*
United States District Judge